UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| YASMIN MANGUAL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:16-CV-417-TLS |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Plaintiff Yasmin Mangual seeks review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her application for disability insurance benefits and for supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her disability benefits and supplemental security income and erred by failing to (1) make a finding of fact as to the physical or mental requirements of her past relevant work, (2) adequately cite evidence supporting the denial of benefits, (3) consider all of the Plaintiff's impairments in combination when determining the Plaintiff's RFC, and (4) properly evaluate the Plaintiff's symptoms of pain.

## BACKGROUND

### A. Procedural Background

On September 18, 2013, the Plaintiff filed her Title II application for a period of disability and disability insurance benefits. (R. 19.) She also filed a Title XVI application for supplemental security income on February 21, 2014. (*Id.*) In both applications, she alleged

disability beginning on August 16, 2013. (*Id.*) Her claims were denied initially on December 9, 2013, and upon reconsideration on March 6, 2014. (*Id.*) On May 12, 2015, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Edward Pagella, a vocational expert, also appeared and testified at the hearing. (*Id.*) On August 28, 2015, the ALJ denied the Plaintiff's application, finding she was not disabled. (R. 19–30.) On July 30, 2016, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–4.)

On September 28, 2016, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has not engaged in SGA since her alleged onset date, August 16, 2013. (R. 21.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including obesity, lumbar spinal stenosis/osteoarthritis, degenerative changes of the hips, and right carpal tunnel syndrome. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work and had lasted for at least twelve months as required under the statute. (*Id.*) The ALJ also found that the Plaintiff had other, non-severe impairments, including sleep apnea, anxiety, and depression. (R. 22–23)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do, despite her limitations—to determine whether she can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that she had the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), except:

> [T]he claimant should never climb ladders, ropes, and scaffolds and can no more than occasionally climb ramps/stairs, balance, stoop, crouch, crawl, kneel, bend, and twist. The claimant could use the right hand no more than frequently to handle, finger, and feel and should be allowed to stand for 1–2 minutes after sitting 45

minutes. The claimant should be allowed to use a cane as needed to get to and from the workstation.

(R. 25.)

After evaluating the objective medical evidence and the Plaintiff's subjective symptoms, the ALJ concluded that the Plaintiff was not disabled from her alleged onset date. In coming to this determination, the ALJ reviewed the Plaintiff's alleged lumbar spinal stenosis/osteoarthritis, back and hip problems, carpal tunnel syndrome, and lower extremity edema. (R. 26–28.)

The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 26.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (*Id.*) The Plaintiff testified regarding her level of pain and the functional restrictions on her daily activities. However, the ALJ found that the Plaintiff's ability to engage in daily living activities such as "tending to her personal hygiene," "driving, cleaning, preparing meals, using her cell phone, fishing, and playing cards," all of which are "activities that require the use of her right hand on a regular basis" supported the determination that the Plaintiff could engage in "frequent handling, fingering, and feeling." (R. 27–28.) The ALJ also noted that there was evidence that the Plaintiff was able to "paint[] and mov[e] around objects in preparation for a house move." (R. 28.)

The Plaintiff had past relevant work as a marketing coordinator, which is skilled and sedentary both as generally and as actually performed by the Plaintiff. (R. 29.) Based on hypotheticals posed to the vocational expert, the ALJ concluded that the Plaintiff was capable of performing past relevant work. (*Id.*) Therefore, the ALJ made no determination regarding whether, considering the Plaintiff's age, education, work experience, and residual functional capacity, the Plaintiff is capable of making a successful adjustment to other work that existed in

significant numbers in the national economy. Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act since her alleged onset date. (*Id.*)

**STANDARD OF REVIEW**

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 608. The Court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ erred by failing to consider the combined effects of all of her impairments, including her non-severe impairments, in determining her RFC. The Commissioner responds that, because the ALJ had already determined that the Plaintiff's non-severe impairments cause no more than a "minimal limitation" in her ability to do basic work activities, the ALJ adequately considered the Plaintiff's impairments.

However, when an ALJ determines that one or more of a claimant's impairments are "severe," "the ALJ need[s] to consider the *aggregate* effect of this entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original). "The fact that [an impairment] standing alone is not disabling is not grounds for the ALJ to ignore [it] entirely—it is [its] impact in combination with [the claimant's] other impairments that may be critical to his claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). That is, "a competent evaluation of [a

claimant's] application depends on the total effect of all his medical problems." *Golembiewski*, 322 F.3d at 918. *See also Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) ("As we—and other circuits—have emphasized repeatedly . . . the *combined* effects of the applicant's impairments must be considered, including impairments that considered one by one are not disabling." (emphasis in original)).

"A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citation omitted). *See also Parker v. Astrue*, 597, F.3d 920, 923 (7th Cir. 2010) (finding that "failure to consider the cumulative effect of impairments not totally disabling in themselves was an elementary error"); *Terry*, 580 F.3d at 477 (noting that even where impairments would "not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether"); *Verlee v. Astrue*, No. 1:12-CV-45, 2013 WL 1760810, at *5 (N.D. Ind. Apr. 24, 2013) (remanding where "ALJ failed to discuss, and effectively ignored, the Plaintiff's" non-severe impairments when determining the Plaintiff's RFC). "Although the non-severe impairments may not have an effect on the claimant's RFC ultimately, the ALJ [is] required to explain why." *Denton*, 596 F.3d at 423.

At step two of the ALJ's analysis, the ALJ found that the Plaintiff's sleep apnea would not cause "more than a minimal impact on [her] ability to perform work-related activities," and was therefore non-severe. (R. 22.) The ALJ also found that the Plaintiff's difficulties with social functioning and concentration, persistence, or pace, were "mildly limit[ing]" and therefore, her impairments of anxiety and depression were non-severe. (R. 23.) However, the ALJ made no further reference to these non-severe impairments, and there is no indication that the ALJ took the Plaintiff's non-severe impairments into account when determining her RFC. This omission requires reversal.

7

Specific to the Plaintiff's mental impairments, "[t]he failure to address these mild cognitive limitations when assessing [the Plaintiff's] RFC is a critical defect in the ALJ's decision because even mild cognitive limitations seemingly could alter the ultimate conclusion on disability with respect to a skilled occupation." *Verlee*, 2013 WL 6063243, at *4. The Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider deficiencies of concentration, persistence, and pace." *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011).

When the ALJ posed a hypothetical to the vocational expert regarding whether the Plaintiff could perform her past relevant work, the ALJ referenced only the limitations in the RFC and did not reference the fact that the Plaintiff had difficulties with concentration, persistence, and pace. The hypothetical question, therefore, was "fundamentally flawed." *See Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004) ("When the hypothetical question is fundamentally flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand.").

Thus, the Court must remand this case for further consideration. On remand, the ALJ should ensure that any limitations found to exist are adequately incorporated into the Plaintiff's RFC and that any hypotheticals posed to a vocational expert adequately apprise the expert of each limitation.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order. Because the Court is remanding on this issue, it need not consider the remainder of the parties' arguments.

SO ORDERED on December 4, 2017.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION