# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| YASMIN MANGUAL, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO.: 2:16-CV-417-TLS |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [ECF No. 30], filed on February 23, 2018. For the reasons stated in this Opinion, the Plaintiff's Application for Attorney's Fees will be granted.

## BACKGROUND

The details of this case are set forth in the Court's Opinion and Order of December 4, 2018 [ECF No. 28], remanding this case to the administrative law judge ("ALJ") for further review. In its Opinion and Order, the Court found that the ALJ failed to consider the combined effects of all of the Plaintiff's impairments in determining her residual functional capacity. Because the Court was remanding on this issue, the Court declined to consider the remainder of the parties' arguments.

Because the Plaintiff was the prevailing party in her appeal from the final decision of the Commissioner, on February 23, 2018, the Plaintiff filed an Motion for Attorney's Fees Under the Equal Access to Justice Act [ECF No. 30], seeking an award of $9,324.83 and "such additional fees as may be reasonably expended in preparing a reply to any response to this EAJA motion

filed by the Commissioner," (*see* Mot. 7, ECF No. 30), under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On February 26, 2018, the Defendant filed a Response [ECF No. 31], and on March 5, 2018, the Plaintiff filed a Reply [ECF No. 32].

**STANDARD OF REVIEW**

The EAJA provides for an award of reasonable attorney's fees and expenses to a "prevailing party in any civil action brought . . . against the United States or any agency or any official of the United States," 28 U.S.C. § 2412(b), where the Government's position was not "substantially justified" and where no "special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A). This language and the remaining provisions of the statute grant district courts the discretion to award attorney's fees if four elements are established: (1) the claimant is a "prevailing party"; (2) the Government's position was not substantially justified; (3) there are no special circumstances making an award unjust; and (4) the fee application is submitted to the Court within thirty days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

Under the EAJA, there is no presumption that a party who prevails against the Commissioner will recover attorney's fees, but the Commissioner bears the burden of proving that its position satisfies the substantially justified standard. *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) (citations omitted). It is important to note that the Commissioner's position need not be correct to be justified—it is "substantially justified" if it has a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). However, the Commissioner's position must be stronger than merely non-frivolous; it must be

2

"justified to a degree that could satisfy a reasonable person." *Id.* Substantially justified does not mean justified to a "high degree," and the standard of substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). Thus, there is a category of cases in which "[the Commissioner] could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569.

EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or its litigation position was not substantially justified, and the ALJ's decision constitutes part of the agency's pre-litigation conduct. *Cunningham v. Barnhart*, 440 F.3d 862, 863–64 (7th Cir. 2006). However, because a district court is to make only one determination for the entire civil action,

> fees may be awarded in cases where the Commissioner's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the Commissioner's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Seventh Circuit has set forth a three-part standard for reviewing the Commissioner's position; the Commissioner must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.

## DISCUSSION

In their briefs addressing the Plaintiff's request for attorney's fees, the parties dispute whether the Commissioner's position was substantially justified, whether the Plaintiff's counsel

3

has shown billing judgment, what the appropriate fee rate is, and whether the Plaintiff has established the hourly rate for legal assistants. There appears to be no dispute that the Plaintiff is the prevailing party, that no "special circumstances" apply that would make an award unjust, and that the Plaintiff's fee application was timely.

A.      **Whether the Commissioner's Position Was Substantially Justified**

The basis for the Court's remand was the failure of the ALJ to consider the combined effect of all of the Plaintiff's impairments, both severe and non-severe, when determining her residual functional capacity ("RFC"). It is the Commissioner's burden to prove that its position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

The Court finds that the Commissioner has failed to meet its burden of showing that its position was substantially justified. The Commissioner argues that, in the Plaintiff's application for benefits and her subsequent hearing, the Plaintiff failed to meet her burden to show that her physical and mental impairments significantly limited her ability to work. (*See* Comm'r Resp. Br. 2, ECF No. 31.) The Commissioner further argues that there is a least a "genuine dispute" as to whether the Plaintiff met her burden. However, this is not a case where the Court found that the ALJ considered all of the evidence and came to an erroneous conclusion. Rather, in this case, there is no indication that the ALJ considered the Plaintiff's non-severe impairments *at all*, which an ALJ is required to do as a matter of law. *See Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010) (finding that "failure to consider the cumulative effect of impairments not totally disabling in themselves was an elementary error"); *Robinson v. Colvin*, No. 2:12-CV-450, 2014

WL 3818194, at *3 (N.D. Ind. Aug. 4, 2014) ("A failure to consider the effect of mental and social limitations on a Plaintiff's capacity to perform work is one of analysis, not articulation."); *id.* (finding position not substantially justified because it was a not case "in which the ALJ considered all of the evidence but failed to explain that he had done so," but was one in which "the ALJ failed to account for Plaintiff's limitations at all"). Moreover, the non-severe impairments that the ALJ failed to consider included cognitive impairments, and the failure to address a claimant's mild cognitive impairments when determining her RFC is a "critical defect." *See Verlee v. Colvin*, No. 1:12-CV-45, 2013 WL 6063243, at *4. Rather, "the ALJ's failure to consider the functional limitations caused by the mental impairments and their effect on Plaintiff's RFC also serves as a basis for the Court to conclude that the Commissioner's position was not substantially justified." *Kallio v. Astrue*, No. 2:07-CV-406, 2009 WL 2230861, at *3 (N.D. Ind. Jul. 23, 2009).

The Commissioner's argument that this error was "harmless" is therefore without merit. "Although the non-severe impairments may not have an effect on the claimant's RFC ultimately, the ALJ [is] required to explain why." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010). "This sort of failure to consider important evidence warrants a conclusion that the Commissioner's position was not substantially justified." *Robinson*, 2014 WL 3818194, at *3. "When an ALJ contravenes longstanding agency regulations in determining a claimant's RFC, attorney's fees should be awarded." *Kallio*, 2009 WL 2230861, at *3 (citing *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)). Therefore, the Court finds that the Commissioner's position was not substantially justified.

5

Because the Plaintiff is the prevailing party and timely applied for attorney's fees, the Commissioner's position was not substantially justified, and no special circumstances make an award of attorney's fees unjust, the Court will grant reasonable attorney's fees to the Plaintiff under the Equal Access to Justice Act.

B.  **Billing Judgment**

The Plaintiff has the burden of proving that the EAJA fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(b) & (d)(1)(B). The Commissioner argues that the Plaintiff has failed to show billing judgment as to Attorney Henderson Ward. Applicants for EAJA fees must "exercise 'billing judgment' with respect to hours worked." *Id.* at 437. The Seventh Circuit has explained that "[b]illing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." The Supreme Court has observed that hours "not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quotation omitted) (emphasis in original). The prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, but the amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 434, 437.

The Commissioner bases its argument on the fact that, among the Plaintiff's supporting materials, she did not include Mr. Ward's resume. Thus, the Commissioner argues that it can only assume that Mr. Ward was a new graduate, inexperienced with Social Security briefing and

6

thus, 41 hours charged for briefing is "manifestly unreasonable" because a seasoned attorney would have likely needed only half that time to complete the same work. The Plaintiff responds that it is public information that Mr. Ward has been admitted to the Illinois Bar since November 6, 2008, that the total number of hours charged for attorney time (47 hours) is within the "standard range for hours worked on Social Security litigation in the Seventh Circuit," (*Bohannon v. Colvin*, No. 2:15-CV-111, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017)), and that the Commissioner's proposal to cut the number of charged hours in half is arbitrary.

The Court agrees with the Plaintiff. "The court . . . may not reduce the number of hours absent a clear indication of why this is necessary." *See Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 WL 6507865, at *4 (N.D. Ill. Dec. 12, 2013) (citing *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (requiring a "concise but clear explanation" by the court for any reduction)). The Commissioner has made no persuasive or specific argument as to why the Court should cut the number of charged hours in half or even that the number of hours charged should be cut at all. *See Evans v. Astrue*, No. 3:07-CV-290, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2008) (noting that "reducing fees by one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage" is a "blunt and arbitrary instrument" and that the reasonableness inquiry is better directed toward the time-log itself); *Ibarra-Montufar*, 2013 WL 6507865, at *4 (finding proposal to cut hours in half was "simply an arbitrary guess"); *Delgado v. Astrue*, No. 11 CV 2849, 2012 WL 6727333, at *3 (N.D. Ill. 2012) ("We are unwilling to reduce Claimant's attorneys' fee request on the basis of a generic comparison of time spent on different cases.").

The Commissioner also argues that Mr. Ward's fee petition is deficient because he did not indicate any non-billed time he spent on the Plaintiff's case. The Commissioner has provided no authority to the Court that failure to submit un-billed time on Mr. Ward's time-log implicates poor billing judgment. Therefore, the Court will not reduce the number of Mr. Ward's hours charged.

**C.      Reasonableness of Attorney Rate**

The Plaintiff seeks attorney's fees as to Mr. Ward's time at the rate of $195.57 per hour, which is above the statutory rate of $125.00. The Plaintiff submitted documentation in support of her calculations that this rate results from making the appropriate cost of living adjustments to the statutory rate. *See* 28 U.S.C. § 2412(d)(2)(A). In those calculations, the Plaintiff used the national consumer price index to determine the rise in cost of living. The Commissioner argues that the Plaintiff should have instead used a region-specific index to make this determination, which would result in a rate of $183.53 per hour.

The Seventh Circuit "leave[s] to the discretion of the district courts whether to adopt the national or regional index in specific cases." *Sprinkle v. Colvin*, 777 F.3d 421, 427 n.2 (7th Cir. 2015). Here, the Commissioner has cited to no case in which this District has held that a regional index is a more appropriate basis for calculating a cost of living increase than a national index. Contrariwise, this District seems to favor the use of the national index for making this determination. *See, e.g.*, *Ruiz v. Colvin*, No. 2:14-CV-69, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (finding that the Commissioner failed to support its argument with cases from the Northern District of Indiana and that cases from the Northern District of Indiana supported the
8

use of a national index); *Monk v. Colvin*, 2:15-cv-233, 2016 WL 4445659, at *3 (N.D. Ind. Aug. 23, 2016) (finding "no reason to find that the national Consumer Price Index is a less appropriate starting place than a regional index").

Moreover, the Plaintiff has provided additional support for the reasonableness of the proposed rate. The Plaintiff submitted six affidavits from attorneys who practice law in the Social Security field or similar fields. (*See* Pl.'s Ex. D–I, ECF No. 30-4–30-9.) These affidavits establish that EAJA fees awarded to successful Plaintiffs have been awarded at rates ranging from $165 to $550 per hour, with most cited rates being at or above $250 per hour. Thus, the rate derived from the national consumer price index is closer to the rates generally charged in this Circuit than the Commissioner's proposed rate, which is derived from a regional index. *See Monk*, 2016 WL 4445659, at *3 (nothing that "the rate derived from the national index is closer to the rates detailed in other supporting evidence submitted by [the Plaintiff]"); *Ruiz*, 2016 WL 2908287, at *2 (finding that "Plaintiff's attorney affidavits . . . 'are more than sufficient evidence' that the hourly rate he requests is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience" (citing *Sprinkle*, 777 F.3d at 428)). Thus, in its discretion, the Court finds that the Plaintiff's requested hourly rate of $195.57 based on the national consumer price index is reasonable.

**D.     Reasonableness of the Legal Assistant Hourly Rate**

The Plaintiff's request for EAJA fees includes legal assistance charged at a rate of $95 per hour. The Commissioner argues that the Plaintiff has not established that $95 per hour is the prevailing market rate and that the Court "should compensate legal assistant time at the Indiana

9

minimum wage of $7.25/hr." (Comm.'r Resp. Br. 4) The Commissioner cites no authority for its proposition, and the Court finds it would be unreasonable to compensate legal assistant time at the Indiana minimum wage rate. Rather, the Court finds that $95 per hour is a reasonable rate for legal assistant time. *See, e.g.*, *Kinsey v. Berryhill*, 2:16-CV-69, 2017 WL 3405478, at *1–2 (N.D. Ind., Aug. 9, 2017); *Ruiz*, 2016 WL 2908287, at *1, 4; *Monk*, 2016 WL 4445659, at *1, 4; *Pope v. Colvin*, 2:13-CV-88, 2015 WL 475630, at *1–2 (N.D. Ind., Feb. 5, 2015).

**E.    Supplemental Award**

The Plaintiff further requests a supplemental award for drafting the reply to the Commissioner's Response to her Motion for EAJA fees. Attorney Cody Marvin affirms that he spent 1.2 hours preparing this reply, which, at the rate of $195.57 per hour results in an additional charge of $234.68. (*See* Pl.'s Reply 4–5.) The Court finds that this supplemental award is reasonable and will incorporate it into the Plaintiff's EAJA award. *See Ruiz*, 2016 WL 2908287, at *4.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for Attorney's Fees Under the EAJA [ECF No. 30]. The Court will calculate the attorney's fees as follows: $9,426.47 for 48.2 hours of attorney time at $195.57 per hour (including the supplemental award), and $133.00 for 1.4 hours of paralegal time at $95.00 per hour. The Court will thus award the Plaintiff a total of $9,559.47 in attorney's fees. The Defendant will direct the award, less any amount for a pre-existing debt subject to federal offset, *see Astrue v. Ratliff*, 560 U.S.

586, 596–98 (2010), be made payable to the Plaintiff's attorney pursuant to the EAJA assignment signed by the Plaintiff and her counsel and thus sent to Barry A. Schultz, The Law Offices of Barry A. Schultz, P.C., 1601 Sherman Ave., Suite 500, Evanston, IL 60201.

SO ORDERED on April 3, 2018.

         s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION